FILED

OCT 25 2004

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE: WILLIAM RANDOLPH BERADUCCI    CASE NO.: 04-03497-5-ATS
        DEBTOR                                  CHAPTER 13

### ORDER ALLOWING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §522(f)(1) (AVOIDANCE OF JUDGMENT LIEN OF EXCALIBUR I, LLC)

This matter comes on before the Court upon the Motion of debtor for avoidance of judgment lien of Excalibur I, LLC (hereafter "creditor"). It appears to the court from the record:

1. That the creditor was served with Notion of the Motion and given an opportunity to respond.

The Court finds from the record herein and the Motion of debtor that:

1. This Motion is filed by the debtor pursuant to 11 U.S.C. 522(f)(1) to avoid the fixing of a judicial lien by the creditor in real property owned by the debtor.

2. Prior to the filing of the petition herein, the creditor obtain a judgment lien against the debtor and a judicial lien against the real property of the debtor.

3. The debtor filed a voluntary Chapter 13 Petition on September 24, 2004, and listed the above named creditor as a creditor with a claim. This claim is secured by a judicial lien entered at the office of the Alamance County Clerk of Superior Court in Book 93, Page 91. The amount of the judgment is in the approximate amount of $11,500.00.

4. This judgment created a lien on real property in which the debtor has an interest and this real property is more specifically described as:

**104 Carr Court, Mebane, NC 27302.**

5. The real property noted in Paragraph 4 is valued in the petition at $107,000.00 and is subject to a deed of trust to Washington Mutual in the approximate amount of $107,003.00.

6. The aforesaid lien constitutes a judicial lien under 11 U.S.C. 522(f)(1).

7. The property noted is property which the debtor has exempted under 522(b) and N.C.G.S. 1C-1601(a)(1) in the amount of $1,000.00.

8. The existence of the creditor's judicial lien on the real property owned by the debtor impairs the exemption to which the debtor is entitled under 11 U.S.C. 522(b) and N.C.G.S. 1C-1601(a)(1).

It is therefore,

Ordered that the Motion is allowed; it is further,

Ordered that the lien of creditor is hereby avoided to the extent it impairs the debtor's exemptions and the avoided lien shall not survive a bankruptcy discharge or affix to or remain enforceable against the property described in this order, it is further,

Ordered that upon the entry of a discharge order in this case, the creditor shall take all necessary steps to remove any record of the line from the aforementioned property of the debtor.

Dated: OCT 2 5 2004

_____
UNITES STATES BANKRUPTCY JUDGE